UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | |
| EARL G. McMANN, | Chapter 7 |
| | Case No. 07-15018 |
| Debtor. | |
| JLMA ASSET MANAGEMENT, LLC, | |
| HECTOR MARTINEZ, and | |
| WILLIAM and DALE SCHNEIDER, | |
| Plaintiffs, | ADVERSARY PROCEEDING |
| | |
| v. | No. 07-01412 |
| | |
| EARL G. McMANN, | |
| | |
| Defendant. | |

OBJECTION TO MOTION TO COMPEL AND FOR SANCTIONS

NOW COMES Earl G. McMann, and objects to the plaintiffs' motion to compel discovery and for sanctions, and for reasons states as follows:

1.     Admitted.

2.     Admitted.

3.     The first two sentences are admitted by defendant's counsel.  The third is denied because the "string" is incomplete, as stated hereinafter.

4.     The email speaks for itself.

5.     The email speaks for itself.

6.     Admitted but disingenuous for the reasons stated hereinafter.

7.     The letter speaks for itself.

8.     The email speaks for itself.

9.     Admitted.

10.    This allegation is legal argument to which no response is required.

11.    Denied in part as disingenuous for the reasons stated hereinafter.

12.    Denied.

13.    Denied.

14.    The affidavit speaks for itself.

15.    FURTHER RESPONDING, McMann states that attorney Johnson, counsel for the plaintiffs, has intentionally misled the court by omitting material facts, especially as set

forth in paragraphs 18 and 19 below.

16.     Attorney Johnson was told on numerous occasions that the reason that McMann could not produce documents was that all of his records and books had been provided to the United States Trustee for review by her counsel.  The books and records were not returned to attorney Richard Smeloff, McMann's bankruptcy counsel, until sometime after June 4, 2008.  *See attached transmittal letter signed by attorney Gary Donahue.*

17.     Attorney Smeloff's office has stated to McMann's undersigned counsel that the books and records were then forwarded to attorney Christopher Lee, who represents the chapter 7 trustee.   Within about the last week, Attorney Smeloff's office informed the undersigned that to the best of their knowledge, attorney Lee still has McMann's books and records.  A fax was sent to attorney Lee today[1] requesting their return as soon as possible.

18.     Attorney Johnson has omitted to inform the court of two material email communications, *see attached*.  On August 12, 2008, attorney Johnson stated that "we have copied a large amount of documents and are willing to stipulate that Mr. McMann does not have to produce any documents he already produced to the Trustee".  It is believed that this is a reference to the US Trustee.  In any event, he went on to state that the volume of documents he already had was such that "its [sic] virtually impossible for us to list them in such a way that will allow you to understand what we have."

19.     On September 22, attorney Johnson reiterated that his office had copied all the documents produced by McMann to the Trustee.

20.     As the foregoing shows, the only <u>real</u> issue is whether there are any documents <u>other than</u> those attorney Johnson already has that would be responsive to the discovery requests.

21.     For that reason, attorney Johnson's refusal to state what documents he has (and which he agreed McMann would not be required to produce again) means that, as a matter of prudence, McMann would nonetheless be forced to produce them again in order to avoid a charge that McMann had withheld a document or documents that should have been produced.

22.     McMann and his counsel are hampered in responding to the discovery requests because, as stated above, the documents produced to the US Trustee <u>and copied by attorney Johnson</u> are, so far as McMann and his counsel know, still in the possession of the attorney for the chapter 7 trustee.

23.     This fact also makes it difficult for McMann's undersigned counsel to prepare McMann's case.  McMann also wants to move the case towards resolution., but until the attorney for the chapter 7 trustee returns all of McMann's records, McMann's hands are tied.

---

[1] Due to other matters requiring the attention of McMann's counsel, telephonic communication has been impracticable.

24.     It should also be noted that no discovery plan as contemplated by FRBP 7026(f)(3) has
been proposed by attorney Johnson, and McMann's counsel has not proposed a plan
because he does not have McMann's books and records and presently does not know
when he will have them.  Thus it would appear that discovery is premature within the
meaning of FRBP 7026(d)(1).  The fact that McMann and his counsel have attempted to
cooperate does not mean that they have stipulated to a waiver of the rule.

        WHEREFORE McMann respectfully requests that the motion be denied in its entirety and
that attorney Johnson be required to provide McMann's counsel with a list of documents in his
possession.

October 18, 2008

                                    Respectfully submitted,
                                    Earl McMann
                                    By his attorney,


                                    /s/        David G. Baker
                                    David G. Baker, Esq.
                                    236 Huntington Avenue, Ste. 302
                                    Boston, MA  02115
                                    617-340-3680
                                    BBO# 634889

                            Certificate of Service

The undersigned states upon information and belief that the within objection was served upon the
entities named below by the court's CM/ECF system.

                                    /s/        David G. Baker
                                    David G. Baker

David C. Johnson on behalf of JLMA Asset Management, LLC     djohnson@mcm-law.com,
bankruptcy@mcm-law.com



**U.S. Department of Justice**

*Office of the United States Trustee*
*Districts of Maine, Massachusetts,*
*New Hampshire and Rhode Island*

---

*Direct Dial Number: 617-788-0412*

*Thomas P.O. O'Neill, Jr. Federal Office Building*
*10 Causeway Street, Room 1184*
*Boston, MA 02222-1043*
*Tel: 617-788-0400*
*Fax: 617-565-6368*

June 4, 2008

Richard D. Smeloff
Smeloff & Associates
2 Batterymarch Park
Quincy, MA 02169

**Re: McMann, Earl G.**
**Chapter 7 Case No. 07- 15018 - WCH**

Dear Attorney Smeloff:

We have reviewed the documentation and information you provided us and have determined that we will not pursue an action under 11 U.S.C. §707(b) or 11 U.S.C. § 727.

Thank you for your assistance in this matter. If you have questions, please feel free to contact me at the above telephone number.

Sincerely,

Gary L. Donahue
Trial Attorney

Enclosures

cc: John O. Desmond, Trustee

From: "David C. Johnson" <DJohnson@mcm-law.com>
Subject: **FW: Troiano/McMann**
Date: August 12, 2008 4:30:43 PM EDT
To: "Baker David" <david@bostonbankruptcy.org>
📎 2 Attachments, 221 KB   Save ▾

David:

Attached please find the Trustee's Motion for a 2004 exam of the Debtor which incorporates the Trustee's document requests for your client.  This will give you an idea of the universe of documents that was requested (not all of which was produced sat the 2004 exam).  As I mentioned the other day, we have copied a large amount of documents and are willing to stipulate that Mr. McMann does not have to produce any documents he already produced to the Trustee.  Given the large number of documents we've copies, I think its virtually impossible for us to list them in such a way that will allow you to understand what we have.  As such, I need to rely on you to obtain those documents that have been shipped back to Mr. McMann's principal counsel to understand what has and has not been produced.  Please let me know when I can expect the additional responsive documents.

Further, we'd like to take M., McMann's deposition in late September or early August.  Rather than just picking an arbitrary date, can you provide me ASAP with some dates that work for you and your clients?

Dave

David C. Johnson
Marcus, Clegg & Mistretta, P.A.
100 Middle Street - East Tower
Portland, Maine 04101-4012
Telephone: 207.828.8000
Facsimile:  207.773.3210

---

**From:** Debra A. Gerry
**Sent:** Friday, January 11, 2008 12:10 PM
**To:** George J. Marcus; David C. Johnson
**Subject:** Troiano/McMann

Attached is a Motion for 2004 Exam and a second Motion to Extend the Deadline for the Trustee to object to discharge.

\*\*\*\*\*
Debra A. Gerry
Bankruptcy Paralegal

MARCUS, CLEGG & MISTRETTA, P.A.
100 Middle Street, East Tower
Portland, ME  04101
tel: (207) 828-4000  fax:  (207) 773-3210
tel: (800) 806-9242  fax:  (800) 806-8676
email:  dgerry@mcm-law.com
http://www.mcm-law.com
\*\*\*\*\*

CONFIDENTIALITY NOTICE:  The materials in this electronic mail transmission (including all attachments) are private and

confidential and are the property of the sender.  The information contained in the material is privileged and intended only for the use of the named addressee(s).  If you are not the intended addressee, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited.  If you have received this electronic mail transmission in error, please immediately notify the sender by telephone at (207) 828-8000 or send an electronic message to firm@mcm-law.com, and thereafter, destroy the original transmission immediately.

   

08.01.11 Mo….pdf (142 KB)   08.01.11 2n...pdf (78.9 KB)

Loading "Law Office of David G. Baker Mail - RE: Martinez, et al. v. McMann, Adv. Pro. # 07-1412"                    10/18/08 1:35 PM



**David Baker <david@bostonbankruptcy.org>**

# RE: Martinez, et al. v. McMann, Adv. Pro. # 07-1412

**David C. Johnson <DJohnson@mcm-law.com>**                    **Mon, Sep 22, 2008 at 12:37 PM**
To: "Holly C. Pelkey" <HPelkey@mcm-law.com>, David Baker <david@bostonbankruptcy.org>
Cc: Scott Hanley <scott@bostonbankruptcy.org>

David:

As I've said before, we copied all of the documents your client produced with the Trustee and those documents are voluminous.  You've told me that those documents have since been returned by the Trustee to Mr. McMann's primary bankruptcy counsel.  As such, there would seem to be no issue with you getting those documents from Mr. McMann's other bankruptcy counsel and working with Mr. McMann to identify what additional documents are responsive my clients' document requests and produce them.  I will expect to receive responsive documents on or before Thursday, October 2nd (10 days from today,per your e-mail).  If I have not received them by then -- regardless of the reason -- I will be filing a motion to compel with the Court.  Also, if I have not heard form you by the 2nd with dates for Mr. McMann's deposition, then I will have no choice but to pick a date.  Since my co-counsel, Joe Troiano, will be flying up from Florida to take the deposition and needs to make travel plans, the date of the deposition will need to be firm.

Dave

_____

David C. Johnson
Marcus, Clegg & Mistretta, P.A.
100 Middle Street - East Tower
Portland, Maine 04101-4012
207.828.8000 (p)
207.773.3210 (t)
djohnson@mcm-law.com

**From:** Holly C. Pelkey
**Sent:** Monday, September 22, 2008 11:40 AM
**To:** 'David Baker'
**Cc:** David C. Johnson; Scott Hanley
**Subject:** RE: Martinez, et al. v. McMann, Adv. Pro. # 07-1412

David,
Per your request, please find attached pdf copies of the discovery requests.
Holly

**From:** David Baker [mailto:david@bostonbankruptcy.org]
**Sent:** Saturday, September 20, 2008 1:50 AM
**To:** Holly C. Pelkey
**Cc:** David C. Johnson; Scott Hanley
**Subject:** Re: Martinez, et al. v. McMann, Adv. Pro. # 07-1412

This is in response to the letter.  On September 15 I suffered a kidney stone attack and was in Mass General Hospital until Thursday, with only limited access to email and no access to regular mail.  This created a back-up, to put it mildly, but I'm working my way through it.  (I'm medically fine, subject to some further treatment.)   Thus I wasn't ignoring your letter, just unaware of it until today.

I also have not been ignoring the underlying problem.  In fact, about a week and a half ago, I communicated with my client in a manner that resulted in a positive response.  Thus, although I am leaving tomorrow for a previously planned visit to family, my associate, Scott Hanley, should be meeting with Mr. McMann on Tuesday or Wednesday to review the documents with Mr. McMann.

In that regard, I know I asked that you email me electronic versions of the discovery requests, and I have a memory of you doing so, but I cannot find them on my computer.  Would you please be so kind as to email them again, along with the list of documents you already have copies of from the trustee?  With this information we should be able to get this done within about 10 days.

Thanks and apologies for any inconvenience.

David Baker

On Mon, Sep 15, 2008 at 11:04 AM, Holly C. Pelkey <HPelkey@mcm-law.com> wrote:
> David,
>
> Please find attached Dave's letter of today's date.  The original of the attached is being mailed to you by U.S. Mail today as well.  Thank you.
>
> Holly